Nash, J.
 

 In the year 1S33, William Wilson, by deed, conveyed to-John Wilson, his son, four negroes, in trust for himself, during his life; and at his death to his daughter, Jemima, during her life, “and after her death, ifshé should have any issue, the said negroes to go to her issue forever; and in case of the death of the said Jemima without issue, then the said slaves and all their increase to go and belong to my son, Lewis Wilson, forever.” William Wilson is dead. Lewis Wilson is also dead, and the plaintiff, Brown, is his administrator. After the death of the donor, Jemima, the donee, for life, took possession of the slaves. In 1845, she conveyed the whole of them to John Hardie, one of the defendants. And, subsequently, she sold one of them, named Margaret, to a man by the name of Cox ; and another of them, by the name of Lucy, to William Wilson. John Wilson, the trustee, is dead ; and James Wilson is his administrator, and is one of the defendants. After the slaves were conveyed to John Hardie, he con
 
 *559
 
 veyed them to the defendant, Blow, for the purpose of paying his debts. The bill charges the sale of the negroes, Margaret and Lucy, to persons unknown, who have sent or carried them out of the State, to parts unknown ; that Hardie has repeatedly threatened to carry the negroes out of the State ; and that he, and the defendant, Jemima, are entirely insolvent. It prays an injunction to restrain the defendants from selling, or conveying, the slaves out of the State, and that they may give security for their forthcoming, to answer such decree as may be made by the Court, and for an account. The answer of Jemima Wilson, admitting the bequest, as set forth, claims the negroes thereby conveyed in absolute property ; admits the sale of the slaves Margaret and Lucy, the former to John Cox, to defray the expenses of a suit brought against her by Lewis Wilson, and the latter to William Wilson, to defray the expenses of the others, both of which have been carried out of the State by the purchasers ; denies all threats or intention to carry the slaves from the State ; admits her conveyance to Hardie, but states it was done to protect the slaves, and that Hardie has conveyed them to her ; and that they are now all in her possession except those sold ; has understood and believes the fact to be, that Hardie did convey the negroes to the defendant Blow, but upon what trust or for what purpose, she does not know ; she denies that the plaintiff is entitled to an account, &c.
 

 The answer of James Wilson, the administrator of the trustee, John Wilson, denies all knowledge of any threats to remove the slaves; admits the conveyance of the slaves by William Wilson, as set forth ; and of the conveyance of them by the tenant for life to John Hardie ; avers it was' to protect them, that John Hardie conveyed them to the defendant Blow, and that they re-conveyed to the defendant, Jemima Wilson.
 

 
 *560
 
 Neither Blow nor Hardie, files any ánswer ; and the bill as to them is neither dismissed, nor is any decree, or order of any kind, taken against them. The cause was set for hearing and transferred to this Court.
 

 One question, raised by the answer of Jemima Wilson, is as to the nature and extent of her estate in the negroes conveyed to the trustee, John Wilson. She claims, under the deed of trust, an absolute title. By that deed she is entitled but to a life estate ; and the remainder vested in Lewis Wilson, upon her dying without issue. She is now sixty years of age, as stated in the bill, and not denied in her ánswer; and in all human probability will die with» out issue. Be that as it may, the contingency is so remote that we are at liberty to treat the case at present, as if the limitation over was to take place to Lewis Wilson, upon her death. The right of a remainderman in personal property to the aid of a Court of Equity, in securing the property from destruction, is not questioned. In regard to legal rights, when there is a present right of enjoyment, the legal remedies will, in general, be found to be sufficient. But where the right of enjoyment is future and contingent, the party so entitled is often without any adequate remedy at law by which to secure his interest. In all cases of this kind, a Court of Equity will interpose and grant relief upon a bill
 
 quia timet.
 
 This right, however, must not be capriciously or oppressively used. The plaintiff must lay a ground in his bill to justify the application ; he must show the Court that he has a real need of its interference. Threats by the tenant for life to sell or remove the property beyond the jurisdiction of the Court, is considered a sufficient ground to come into this Court; and even when the Court is satisfied that the threats were mere idle bravadoes, still, when made,they ■furnish a ground to the remainderman to claim that his fears shall be quieted, and that the person in possession should give some security against the removal of the pro
 
 *561
 
 perty.
 
 Wilcox
 
 v,
 
 Wilcox,
 
 1 Ire. Eq. 42. Where the tenant for life is in good circumstances, the Court will satisfy itself by an injunction ; for a violation of the order or decree will be a contempt of Court subjecting the perpetrator to an attachment of his person. The ground of the application here, is, that the tenant for life transferred the whole of the slaves to the defendant, Hardie, and that both of them are insolvent, and that Hardie has threatened to send them out of the State; and, upon the further ground, ■that the tenant for life, under a claim of an absolute right to the slaves, has sold two of them, who have been removed beyond the jurisdiction of the Court. Hardie has not answered, and the defendant has not denied the allegation of his threats, which in fact she could not do ; but ■denies what is not alleged in the bill, that she had made any threats. The answer of James Wilson states, that both Hardie and Blow had re-conveyed the slaves to the defendant Jemima Wilson. When this was done, whether before or since the filing of the bill, we are not informed. It is not denied, but is admitted, that Hardie did not convey the negroes to Blow, the defendant, in trust to secure his own creditors. Upon the whole matter, as set forth in the. bill and answers, we are of opinion that the plaintiff’s right to the interference of this Court to secure to those in remainder their interest in the slaves, after the death of Mrs. Jemima Wilson, is clearly established, and that the injunction must stand. As to the negroes, Margaret and Lucy, sold by the tenant for life, the purchasers are neither of them parties to the suit and Jemima Wilson and Hardie are entirely’insolvent.
 

 The defendants must pay the costs.
 

 Per Curiam.
 

 Decree accordingly.